T.C. Memo. 1996-387


UNITED STATES TAX COURT


WILSON BAKER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6227-95.                    Filed August 20, 1996.


Wilson Baker, Jr., pro se.

<u>Deborah A. Harrington</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and penalties as follows:

|      |            | Penalty      |
| Year | Deficiency | Sec. 6662(a) |
| ---- | ---------- | ------------ |
| 1991 | $4,718     | $  944       |
| 1992 | 5,026      | 1,005        |
| 1993 | 6,253      | 1,251        |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The issues for decision are whether petitioner is entitled to deductions for alimony or dependency exemptions for his three children during each of the years in issue, whether he is entitled to claim head of household status for 1993, and whether he is liable for the penalties determined by respondent.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Lanham, Maryland, at the time that he filed his petition.

Petitioner was previously married to Cynthia J. Baker. During the marriage, petitioner and his then wife had three children--Darrell Wilson and Jerrell Wilson, twins born November 13, 1971, and Tonya Elizabeth Wilson, born August 11, 1978.  Petitioner and his former wife were divorced in 1983.

The Final Judgment of Dissolution of Marriage, filed March 2, 1983, provided in part as follows:

> 2.  The primary physical residence of the three minor children of the parties * * * shall be with the Wife.  The secondary physical residence of the children shall be with the Husband.
>
> 3.  Both parents shall share parental responsibility with respect to the children, and shall confer on all major decisions affecting the welfare of

the children, making all such major decisions jointly, including decisions concerning rearing, education, medical and dental care, religious training, and any other aspect of the children's lives affecting their welfare and best interests.

\*     \*     \*     \*     \*     \*     \*

5.  As and for combined and unallocated alimony and support payments, the Husband shall pay to the Wife the sum of $1,189.90 per month, by military allotment beginning the month of March, 1983 and continuing through February, 1985.  Thereafter the Husband's payments to the Wife shall be reduced to $600.00 per month as and for child support and shall be paid by military allotment, beginning March, 1985 and continuing each and every month thereafter until said children [illegible] their majority, become self-supporting, marry or die, whichever event shall first occur.  If the Wife concludes her college education and secures a full time job prior to March, 1985, then the Husband's payments shall be reduced to $600.00 per month at said time.

In 1991, 1992, and 1993, the three children lived with their mother.  They visited petitioner in the summer and on holidays. During those years, the twins were students at Florida A&M University in Tallahassee, Florida, and they stayed in a dormitory during the school year.

On January 31, 1990, the Circuit Court for Montgomery County, Maryland, found that petitioner was in arrears in the payment of support for his three children and ordered him to make monthly payments toward that support through the court clerk. Petitioner made payments of $7,072 in 1991, $6,300 in 1992, and $6,300 in 1993 pursuant to the court order.

In the notice of deficiency sent January 26, 1995, respondent disallowed petitioner's claimed alimony deductions in the amount of $10,185 for 1991, $10,815 for 1992, and $10,800 for 1993.  Respondent also disallowed the dependency exemptions claimed for petitioner's three children and computed his tax liability as a single person for each year.  Respondent also determined that petitioner was liable for the accuracy-related penalty under section 6662(a).  Under the heading "Other Information" at the fourth page of the statutory notice, respondent explained:

> We have disallowed the dependency exemptions because you did not qualify for them since you did not have custody of the children and your divorce decree did not specify that you are entitled to the exemptions.  We have therefore disallowed the head of household status taken in 1993.  Child support is not deductible as alimony.

## OPINION

Petitioner has the burden of proving that respondent's determinations are erroneous.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

With respect to the claimed alimony deductions, petitioner presented no admissible evidence at trial that he made payments during the years in issue to his former wife that qualified as alimony.  Under the terms of the agreement, as quoted in our findings, alimony normally would have ceased being due to his former wife in March 1985.  Thereafter, he was obligated to make

payments for child support, which is not deductible. As of the time of the court order in 1990, petitioner was in arrears for child support, and the only payments that petitioner has substantiated were stipulated to have been made pursuant to that court order.

During trial, petitioner presented a computer summary of payments that he allegedly made to his former wife during the years in issue. That summary, however, was prepared shortly before trial and was not corroborated by any canceled checks or other original documents. Petitioner was afforded the opportunity after trial to present additional documents for stipulation, but he did not do so. Petitioner has failed to prove that he made any deductible alimony payments during the years in issue.

To be entitled to a dependency exemption under section 151(c), petitioner must prove that he meets the conditions of section 152(e) as follows:

> (e) Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
> > >
> > > > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

(3) Exception for multiple-support agreement.--This subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c).

(4) Exception for certain pre-1985 instruments.--

(A) In general.--A child of parents described in paragraph (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if--

(i) a qualified pre-1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre-1985 instrument.--For purposes of this paragraph, the term "qualified pre-1985 instrument" means any decree of divorce or separate maintenance or written agreement--

(i) which is executed before January 1, 1985,

(ii) which on such date contains the provision described in subparagraph (A)(i), and

(iii) which is not modified on or after such date in a modification which expressly provides that this paragraph shall not apply to such decree or agreement.

The divorce decree in the proceeding between petitioner and his former spouse did not award custody to petitioner and was silent as to whether he was entitled to the exemption otherwise allowable under section 151.  There is no evidence that petitioner's former wife released her claim to exemptions for the children, and there is no evidence as to the amounts for support of the children provided by petitioner's former wife.  Thus, petitioner has failed to prove that he furnished more than one-half the support for any of the children.  Because petitioner has not shown that he qualifies under section 152(a) or (e), <u>supra</u>, he is not entitled to claim the children as dependents during the years in issue.

Petitioner failed to prove that he maintained as his home a household that constituted the principal abode of any of his children for more than one-half of 1993.  Thus, he does not qualify as a head of a household under section 2(b)(1)(A)(i).  Respondent, therefore, correctly used rates applicable to single taxpayers in computing petitioner's tax liability for that year.

Section 6662(a) imposes a 20-percent addition to tax on any portion of an underpayment that is attributable to negligence or disregard of rules and regulations.  Sec. 6662(b)(2).  Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Section 6664(c)(1) provides:

(c) Reasonable Cause Exception.--

    (1) In general.--No penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

So far as the record reflects, petitioner's deduction of alimony had no factual basis.  Although he did substantiate payments toward support of his children, he has failed to prove that he made a reasonable effort to determine whether those payments qualified him for dependency exemptions for the years in issue or for head of household status for 1993.  He has failed to prove that he is not liable for the penalties determined by respondent.

<u>Decision will be entered for respondent</u>.